## Borough of Edgewood, Appellant, v. Public Service Commission.

*Public Service Commission—Street railways—Rates—Increase of rates—Obligation of contract—Ordinance—Consent of municipality.*

The Public Service Commission has jurisdiction to authorize an increase of fares of a street railway company, and such increase is valid when so authorized, in spite of the fact that it is contrary to the express provisions of the ordinance which gave the company authority to occupy the city streets.

Argued November 17, 1920.  Appeal, No. 9, April T., 1921, by Borough of Edgewood, from order of the Public Service Commission, Complaint Docket 1888, 1918, in the case of Borough of Edgewood v. Pittsburgh Railways Company, C. A. Fagan, W. D. George and S. L. Tone, receivers of Pittsburgh Railways Company, intervening appellees, and the Public Service Commission of the Commonwealth of Pennsylvania, on appeal.  Before

ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

From the record it appeared that the Pittsburgh Railways Company, a public service company engaged in the transportation of persons and property in the Borough of Edgewood, filed a schedule of rates with the Public Service Commission providing for an increase of fares. The Borough of Edgewood then filed a complaint with the Public Service Commission averring that agreeably to article XVII, section 9 of the Constitution of Pennsylvania the complainant borough had given its consent to the construction of a street passenger railway within its limits, and in and by a certain duly enacted and accepted ordinance, provided a certain maximum fare as a condition of said consent, pursuant to which ordinance said railway had been constructed; that the Pittsburgh Railway Company, as lessee, having itself for years complied with the ordinance, now proposed to continue to enjoy the consent and at the same time violate said conditions by an increase of fares pursuant to tariffs on file with the commission, in violation of the Constitution of Pennsylvania and article I, section 10, and article XV of the Constitution of the United States. The plaintiff further petitioned the commission to make an order refusing the application.

The commission filed a report holding that the maximum fare condition of said ordinance of consent was abrogated by the Public Service Company Law and denying the existence of any constitutional or statutory inhibitions to the commission's determining whether the company's rates were unjust, unreasonable or unjustly discriminatory and ordered the complaint set down for further hearing.

Subsequently the commission dismissed the complaint of the appellant.

*Error assigned* was the order of the commission.

*M. W. Acheson, Jr.,* of *Sterrett and Acheson,* and with him *John D. Meyer* and *Brown, Stewart & Bostwick,* for appellant.

*George C. Bradshaw,* and with him *George E. Alter,* for Pittsburgh Railways Company.

*Berne H. Evans,* and with him *John Fox Weiss,* for the Public Service Commission.

PER CURIAM, December 13, 1920:

The question raised by the specifications of error have been definitely decided by the Supreme Court in the case of City of Scranton v. Public Service Commission, 268 Pa. 192; which decision necessarily controls our disposition of this appeal.

The determination of the Public Service Commission is affirmed and the appeal dismissed at cost of the appellant.